UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RISA BOURGEOIS AND EDDIE BOURGEOUS | CIVIL ACTION |
| VERSUS | NO: 22-1256 |
| INDEPENDENT SPECIALTY INSURANCE COMPANY | SECTION: "S" (1) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Compel Arbitration and to Stay** (Rec. Doc. 18) filed by defendant, Independent Specialty Insurance Company, is **GRANTED**, and this matter is hereby referred to arbitration and **STAYED** pending resolution of the arbitration proceedings.

BACKGROUND

This suit arises from a property insurance dispute following damage to plaintiff's property at 4601 MacArthur Boulevard in New Orleans, caused by Hurricane Ida. During the time period relevant to this suit, plaintiffs' property was insured by a surplus lines policy issued by defendant, Independent Specialty Insurance Company ("ISIC"). The policy includes the following arbitration clause:

> All matters in dispute between you and us (referred to in this policy as "the parties") in relation to this Insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.

Rec. Doc. 27-1, Policy, 37.

ISIC has moved to compel arbitration of this matter based on the foregoing clause,

arguing that the parties agreed to arbitrate, and because it is a surplus lines insurer, the Louisiana statute prohibiting mandatory arbitration for property insurance claims is inapplicable. Plaintiffs oppose, contending that the statutory provision ISIC relies on applies to forum selection and choice of venue clauses, but not to arbitration clauses.

## APPLICABLE LAW

Under Louisiana law, arbitration agreements in insurance policies covering property within the state are prohibited. LA. R.S. § 22:868(A)(2).

Louisiana Revised Statute 22:868 provides in part:

A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement either:

(1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country.

(2) Depriving the courts of this state of the jurisdiction or venue of action against the insurer.
....

D. The provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance.

LA. REV. STAT. 22:868. The policy forms of surplus line insurers are not subject to approval by the Department of Insurance. LA. R. STAT. 22:446(a).

While the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, <u>et seq.</u>, codifies the national policy favoring arbitration and generally preempts state laws which "contradict the purpose of

the FAA by requir[ing] a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration," Freudensprung v. Offshore Tech. Servs., Inc., 379 F.3d 327, 338 n. 7 (5th Cir. 2004) (quotations and citations omitted), under the McCarran-Ferguson Act, state laws regulating insurance are shielded from the preemptive effect of federal law. 15 U.S.C. §§ 1011, 1012. Thus, pursuant to the McCarran-Ferguson Act, Louisiana Revised Statute section 22:868(A)(2) "reverse-preempts" the Federal Arbitration Act's provisions on the enforceability of insurance agreements, and Louisiana Revised Statue section 22:868 is not preempted by the FAA. See, e.g., Am. Bankers Ins. Co. of Fla. v. Inman, 436 F.3d 490 (5th Cir. 2006).

## DISCUSSION

*Arguments of the Parties*

In this case, plaintiffs do not contend that they did not agree to arbitrate the dispute or that the dispute does not fall within the scope of the arbitration clause of the policy.[1] Rather, they point to Louisiana Revised Statute 22:868(A) and argue that the arbitration clause is unenforceable because Louisiana law prohibits arbitration agreements in insurance policies covering property within the state. While they acknowledge that Louisiana Revised Statute 22:446(a) makes the prohibition on forum and venue selection clauses inapplicable to ISIC as a surplus lines insurer, they contend that it does not extend to arbitration clauses. Put another way, plaintiffs maintain that ISIC would be entitled to enforce a forum or venue selection clause, but it cannot enforce an arbitration clause, because the term "arbitration clause" is not explicitly

---

[1] For an arbitration clause to be enforceable, there must be a valid agreement to arbitrate the claims and the dispute in question must fall within the scope of that arbitration agreement. Klein v. Nabors Drilling USA L.P., 710 F.3d 234, 236 (5th Cir. 2013).

included in 22:868(D) ("Section D"). They further argue that this distinction is appropriate because arbitration clauses deprive courts of jurisdiction, whereas forum and venue selection clauses do not.

Defendant counters that Section D is applicable, because it explicitly applies to forum selection clauses and an arbitration clause is a type of forum selection clause. Defendant further argues that arbitration clauses do not divest the court of jurisdiction, but (like every other forum selection clause) merely require the court to transfer the case to another forum, in this case, an arbitral forum. Defendant additionally asserts that the legislative history of Section D makes clear that its intent was to grant flexibility to surplus lines insurers, including the flexibility to select an arbitral forum.

*Analysis*

The United States Supreme Court has repeatedly recognized that "an arbitration agreement is 'a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute.' " Viking River Cruises, Inc. v. Moriana, 142 S. Ct. 1906, 1919, reh'g denied, 143 S. Ct. 60 (2022) (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 (1974); see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 633 (1985)). In addition, the Supreme Court of Louisiana has quoted with approval the United States Fifth Circuit Court of Appeals' classification of a mandatory arbitration clause as a species of forum-selection clause. See Hodges v. Reasonover, 103 So. 3d 1069, 1076 (La. 2012) (citing Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte, 536 F.3d 439, 443 (5th Cir. 2008)). The Supreme Court of Louisiana reiterated this in Donelon v. Shilling,

citing Hodges for the principle that "[a]n arbitration clause does not inherently limit or alter either party's substantive rights; it simply provides for an alternative venue for the resolution of disputes." 340 So. 3d 786, 790 n. 6 (La. 4/27/20) (quoting Hodges, 103 So. 3d at 1076)). Other state circuit-level authority has explicitly recognized that "[a]n arbitration agreement is a 'kind of forum selection clause.' " Stadtlander v. Ryan's Fam. Steakhouses, Inc., 794 So. 2d 881, 890, writ denied, 794 So. 2d 790 (La. 6/22/01). Thus, applying these precedents, the plain language of Section D, which explicitly includes forum selection clauses, also encompasses arbitration clauses.

The court is not persuaded by plaintiffs' contention that a distinction should be made between arbitration clauses and other forum selection clauses, because arbitration clauses deprive the court of jurisdiction. "The federal courts of appeals have consistently found that district courts intend to retain jurisdiction when they stay proceedings pending arbitration." Am. Heritage Life Ins. Co. v. Orr, 294 F.3d 702, 715 n.5 (5th Cir. 2002) (citing Corion Corp. v. Chen, 964 F.2d 55, 56–57 (1st Cir.1992); Jolley v. Paine Webber Jackson & Curtis, Inc., 864 F.2d 402, 405 (5th Cir.1989) ("While an order granting a stay postpones active litigation in the district court, it contemplates that the district court will retain jurisdiction to confirm, modify, or, in some cases, to renew the litigation despite the arbitration award.")). The United States Supreme Court has enforced an arbitration clause noting that the view that irrevocable arbitration clauses "ousted" courts of jurisdiction has been abandoned following enactment of the FAA. Scherk, 417 U.S. at 510 n. 4; see also, M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972) ("the argument that such clauses are improper because they tend to 'oust' a court of jurisdiction is

hardly more than a vestigial legal fiction").

Rather, "agreements to arbitrate implicate forum selection and claims-processing rules, not subject matter jurisdiction." Ruiz v. Donahoe, 784 F.3d 247, 249–50 (5th Cir. 2015). "'Subject-matter jurisdiction properly comprehended ... refers to a tribunal's 'power to hear a case,' a matter that 'can never be forfeited or waived.' Conversely, mandatory grievance and arbitration procedures in contracts, . . . are waivable and do not affect this court's subject-matter jurisdiction." Id. at 249 (quoting Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, 558 U.S. 67, 81 (2009)).

Similarly, Louisiana arbitration law permits state courts to confirm and, under certain circumstances, reject an arbitration award. LA. R. STAT. §§ 9:4209 to 9:4212. While Louisiana state courts ordinarily "should refrain from interfering until the arbitration is completed" a court may interfere before completion of the process in "egregious circumstances." Hennecke v. Canepa, 700 So. 2d 521, 523 (La. Ct. App. 4th Cir. 1997). See also Haase Const. Co., Inc. v. Strohmeyer, 738 So. 2d 152, 158 (La. Ct. App. 4th Cir. 1999) (an arbitration award which exceeds the demand for arbitration, rendered against a party who did not attend the hearing, must be vacated). In addition, even in cases where an arbitration clause provides that the decision of the arbitrator "shall be final and binding and there shall be no right of appeal therefrom …", a party may appeal from an arbitration award rendered pursuant to the arbitration provision. LA. R.S. 9:4210 et seq. (allowing judicial challenge of an award on certain procedural grounds and an appeal from an order confirming or vacating an award, "as for an order or judgment in an action."); see also, Southern Tire Services, Inc. v. Virtual Point Development, LLC, 798 So. 2d

303 (La. Ct. App. 4th Cir. 2001).

The court also notes that while exceptions exist, generally, a motion seeking to enforce an arbitration clause in Louisiana state courts is not adjudicated under subject matter jurisdiction principles. Rather, "[t]he failure of a party to arbitrate in accordance with the terms of an agreement may be raised either through a dilatory exception of prematurity demanding dismissal of the suit or by a motion to stay the proceedings pending arbitration." Long v. Jeb Breithaupt Design Build Inc., 4 So. 3d 930, 935  (La. App. 2 Cir. 2/25/09) (citing Wied v. TRCM, LLC, 698 So.2d 685 (La. App. 2 Cir. 7/24/97); Folkland v. Thomson McKinnon Securities Inc., 484 So.2d 310 (La.App. 3 Cir.1986); State v. Algernon Blair Inc., 415 So.2d 612 (La. App. 3 Cir.1982); see also, Saavedra v. Dealmaker Devs., LLC, 8 So. 3d 758, 762 (La. App. 4 Cir. 3/18/09) (quoting Frank L. Maraist and Harry T. Lemmon, 1 LOUISIANA CIVIL LAW TREATISE: CIVIL PROCEDURE, § 6.6, n. 28 (1999) (The "proper procedure to raise the issue of a party's failure to submit to arbitration is by filing either a dilatory exception of prematurity or a motion to stay the proceeding pending arbitration.").

With respect to plaintiffs' argument that this court should adopt the rationale in Bufkin Enterprises, LLC v. Indian Harbor Ins. Co., 2023 WL 2393700 (W.D. La. 2023), in which the district court concluded that arbitration clauses are jurisdictional while forum and venue selection clauses are not, the court is unpersuaded. The Bufkin court relied on Justice Weimer's concurrence in Creekstone Juban I, L.L.C. v. XL Ins. Am., Inc., 282 So. 3d 1042 (La. 2019), wherein he concluded that unlike forum and venue selection clauses, the function of an arbitration agreement between an insured and his insurer is "to deprive the courts ..., of the

7

jurisdiction of the [insured] plaintiff's action against the insurer," and thus under La. R.S. 22:868 they are void and unenforceable. However, the Creekstone Juban case involved a forum selection clause requiring litigation in New York. It did not involve an arbitration clause – the term does not appear once in the majority opinion. Thus, the argument urged by plaintiffs is premised on dicta contained in a concurrence, and is not binding precedent. This court finds that whatever persuasive value it has, it is outweighed by the Supreme Court of Louisiana's acknowledgment that "[a]n arbitration clause does not inherently limit or alter either party's substantive rights; it simply provides for an alternative venue for the resolution of disputes." Donelon, 340 So. at 790 n. 6 (quoting Hodges, 103 So. 3d at 1076).

Finally, the court notes that the legislative history of La. R.S. § 22:868 reflects an intent to preserve flexibility for surplus lines insurers.[2] The 2020 amendments originated with a bill by Senator Luneau to amend 22:868 to change the title as follows: "§868. Limiting actions; jurisdiction**; venue**" and paragraph A(2) to provide: "Depriving the courts of this state of the jurisdiction **or venue** of action against the insurer."[3] (Underscore and boldface represent proposed additions.) At the committee hearing on the bill, senators questioned Senator Luneau on whether the proposed amendment would undermine the holding in Creekstone Juban recognizing the validity of forum selection clauses in insurance contracts. Senator Luneau professed to be unfamiliar with Creekstone Juban, but emphasized repeatedly that the sole goal

---

[2] https://senate.la.gov/s_video/videoarchive.asp?v=senate/2020/05/051320INS_0 (consulted on Oct. 12, 2023). Discussion starts at 1:15:15.

[3] http://www.legis.la.gov/legis/BillDocs.aspx?i=237761&t=digests

of the proposed amendment was to prevent rural or far-flung constituents, in cases involving suits brought in Louisiana courts on a Louisiana insurance policy, from being forced to litigate in relatively distant urban centers (e.g., New Orleans and Baton Rouge), due to its costliness. Following a discussion in which some senators expressed a reluctance to endorse a blanket rule that could be interpreted as contrary to Creekstone Juban, specifically noting that the flexibility to choose a forum provided a basis for negotiation on price, the bill, as proposed by Senator Luneau, did not pass. Four days later, on May 19, 2020, Senator Peacock introduced an amendment to add Section D in its present form, exempting surplus lines insurers from the prohibition on forum selection clauses.

This sequence of events demonstrates a legislative intent to guarantee that surplus lines insurers were exempt from the prohibitions codified in Section A. It also comports with the holding in Creekstone Juban that the statutory prohibition against insurance policy provisions depriving Louisiana state courts of jurisdiction over the actions against insurers did not invalidate forum selection clauses, because they do not "oust the jurisdiction" of the state court. 282 So.3d 1042, 1046-47.

## CONCLUSION

Considering the foregoing, the court finds that plaintiff's argument that the arbitration clause is jurisdictional is unpersuasive, and provides no basis to except the arbitration clause from the application of Louisiana Revised Statute 22:868(D). Therefore, as a surplus lines insurer, under 22:868(D) and 22:446(a), ISIC is exempt from the provision in 22:868(A) prohibiting arbitration clauses in insurance contracts, and as other courts in this district have

concluded, the arbitration clause is valid and enforceable. See, e.g., Ramsey v. Independent Specialty Ins. Co., 2023 WL 5034646 (E.D. La. Aug. 8, 2023) (Lemelle, J.); Par. of St. Charles v. HDI Glob. Specialty SE, 2023 WL 1419937, at *5 (E.D. La. Jan. 31, 2023) (Ashe, J.); Certain Underwriters at Lloyd's, London v. Belmont Commons L.L.C., 2023 WL 105337, at *3 (E.D. La. Jan 4, 2023) (Fallon, J.) (citing LA. R.S. 22:868(D)). Accordingly,

**IT IS HEREBY ORDERED** that the **Motion to Compel Arbitration and to Stay** (Rec. Doc. 18) filed by defendant, Independent Specialty Insurance Company, is **GRANTED**, and this matter is hereby referred to arbitration and **STAYED** pending resolution of the arbitration proceedings.

New Orleans, Louisiana, this   12th   day of October, 2023.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**